Present — HIRSCHBERG, P. J., WOODWARD, GAYNOR and MILLER, JJ.

Judgment unanimously affirmed on reargument, with costs.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANSON CASAVOY and Others, Appellants, v. JAMES DIMOND and Others, as Assessors, and Composing the Board of Assessors of the Town of Cortlandt, in the County of Westchester, New York, Respondents.

Second Department, October 18, 1907.

Tax — mortgage — constitutional law — obligations of contracts — repeal of statute taxing mortgages.

Mortgages executed before the passage of chapter 532 of the Laws of 1906, which substituted a recording tax on mortgages thereafter made in place of the tax of one-half of one per cent imposed by chapter 729 of the Laws of 1905, are left subject to general taxation under sections 2 and 3 of the Tax Law by the repeal of the said act of 1905.

The repeal of chapter 729 of the Laws of 1905 did not impair any contract obligations between the State and individuals taking mortgages when said act was in force.

APPEAL by the relators, Anson Casavoy and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Westchester on the 28th day of March, 1907, upon an order made at the Westchester Special Term and entered in said clerk's office on the 28th day of March, 1907, dismissing a writ of certiorari to review the action of the assessors of the town of Cortlandt, Westchester county, assessing mortgages of the relators for general taxation, and also from said order upon which the judgment appealed from was entered.

*Nathan P. Bushnell,* for the appellants.

*Robert McCord,* for the respondents.

GAYNOR, J.:

By chapter 729 of the Laws of 1905 provisions were added to the Tax Law by which mortgages on real estate were taxed one-half of one per cent annually, and exempted from taxation by local authorities (Tax Law, art. 14). By chapter 532 of the Laws of 1906 this scheme was superseded by provisions which substituted a recording tax on mortgages thereafter to be made, and exempting all mortgages so taxed from taxation by local authorities. The provisions for the tax of one-half of one per cent on previous mortgages were dropped, and no other tax was prescribed in its stead. This left such mortgages subject to general taxation under sections 2 and 3 of the Tax Law, which include mortgages in the enumeration of taxable property. The contention that this is unconstitutional for impairing a contract between the state and individuals by the said act of 1905 is based on nothing and requires no discussion.

The judgment should be affirmed.

JENKS, HOOKER, RICH and MILLER, JJ., concurred.

Judgment affirmed, with costs.